## GILCHRIST, administrator, &c. vs. REA.

In the taxation of costs, if the pleading or proceeding contains an excess of fifty words or more, beyond a certain number of folios, the solicitor is entitled to charge an additional folio for such excess; but not where the excess is less than half a folio.

A fee to counsel for perusing and settling a final decree is taxable whenever such decree contains provisions which are out of the ordinary course, and which are not the usual provisions in final decrees in like cases.

But a decree upon appeal, containing only the usual provisions that the order or decree appealed from be affirmed, with costs, is not a decree containing special provisions, which will entitle the respondent's counsel to a fee for perusing and settling the same.

The respondent in an appeal from the sentence or decree of a surrogate is entitled, upon taxation of his costs against the adverse party, to charge for

a copy of the return of the surrogate, if such copy has been actually made for the use of the solicitor on the appeal. And one copy of the opinion of the surrogate for the use of the court upon the appeal, if actually made for that purpose, is also taxable.

July 20.   THIS was an application by the appellant for a retaxation of the respondent's costs. It was the case of an appeal from the sentence or decision of a surrogate. Several persons were interested in sustaining the decision and order appealed from; but the appeal was only made effectual against Rea, by making him a party to the petition of appeal. The cause was submitted upon the merits, without objection; and the court affirmed the decision as to the respondent Rea, with costs; but directed that as to any other persons having any interest in sustaining the order appealed from, the appeal should be dismissed.

*J. Crary*, for the appellant.

*B. Blair*, for the respondent.

THE CHANCELLOR. The taxing officer was wrong in allowing three folios for the answer to the petition of appeal. Where the pleading or other proceeding contains an excess of fifty words or more, beyond a folio, the practice of the supreme court is to permit the attorney to charge for an additional folio; but not to allow any thing for the excess when it is less. (*Kellogg* v. *Potter*, 11 *Wend. Rep.* 170.) This is the correct mode of making out and taxing costs, where the allowance is by the folio, in all courts. For if the attorney or solicitor is in some cases subjected to the loss of a fractional part of a folio where the excess is less than fifty words, it is made up to him in the increased compensation for other pleadings or proceedings where the excess is greater; so that on the whole bill of costs, justice is done to both parties in this respect. The charge for draft, engrossing, and copies of the answer to the petition of appeal in this case must therefore be allowed at two folios only.

The copy of the case, mentioned in the bill, as I infer from the affidavits, was a copy of the return of the surrogate. If so, the respondent was entitled to charge for the copy which he procured to enable him to prepare for the argument of the cause; for without having a copy of that return, the solicitor and counsel would be unable to ascertain what questions would arise upon the appeal. A copy of the opinion of the surrogate for the use of the court on the appeal, if actually procured and furnished on the submission, was a proper charge against the adverse party. But only one copy was taxable against the adverse party; although a copy for the use of the respondent's counsel might be a proper charge as between solicitor and client.

The allowance to counsel for perusing and settling a final decree which is special in its provisions, applies to all final decrees which contain provisions out of the ordinary course. A decree upon appeal containing a simple direction that the order or decree appealed from be affirmed with costs, contains no special provisions, within the intent and meaning of this clause of the fee bill; and no counsel fee for perusing and settling such a decree is allowable on taxation. But, in the case under consideration, the neglect of the appellant to make all the persons who were interested in sustaining the surrogate's decision parties to the petition of appeal, rendered it necessary to make a decree out of the ordinary course, containing a special provision disposing of that part of the appeal which affected the rights of other persons, as to whom the appeal was considered as abandoned by the neglect of the appellant to make them parties by a prayer that they might answer the petition of appeal. The counsel fee was, therefore, properly allowed in this case.

The proper deduction must be made from the taxed bill, in conformity with this decision, and an order entered accordingly specifying the amount to be deducted. And neither party is to have costs as against the other on this application.